THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GLADYS TORRES-CORREA,**<br><br>*Plaintiff*,<br><br>v.<br><br>**INSTITUTO DE OJOS Y PIEL INC., et al.,**<br><br>*Defendants.* | Civil No. 23-01025 (MAJ) |

**OPINION AND ORDER**

**I.   Introduction**

This medical malpractice action is brought by Gladys Torres-Correa ("Plaintiff") against Instituto de Ojos y Piel, Inc. and Dr. Miguel Santiago García, along with several unnamed insurers (collectively, "Defendants"). (**ECF No. 1**). After undergoing ophthalmic surgery performed by Defendants, Plaintiff allegedly developed a series of complications. (**ECF No. 1 at 2 ¶¶ 6–13**). Plaintiff claims that those complications were caused by Defendants' negligence. (**ECF No. 1 at 2 ¶ 14**).

To prove her claims, Plaintiff sought to introduce expert witness testimony at trial. (**ECF No. 53 at 23–24**). Defendants moved in limine to exclude that proffered testimony. (**ECF No. 57**). The Court granted the motion. (**ECF No. 68**). Shortly thereafter, Defendants filed the instant Motion for Summary Judgment. (**ECF No. 72**). Plaintiff opposes the motion. (**ECF No. 74**). For the reasons provided below, the Motion for Summary Judgment is **GRANTED**.

## II. Facts

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party asserting that a fact is "genuinely disputed" must provide support for that the assertion by:

(A) citing to particular parts of materials in the record . . . or

(B) showing that the materials cited [by the adverse party] do not establish the absence or presence of a genuine dispute, or that [the] adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1)(A)–(B). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" FED. R. CIV. P. 56(e).[1]

Along with this Motion for Summary Judgment, Defendants filed a Statement of Uncontested Material Facts. (**ECF No. 72-1**). In the Statement of Uncontested Material Facts, Defendants proceed under Rule 56(c)(1)(B), which allows a party to move for summary judgment by showing that the opposing party "cannot produce admissible evidence to support [a] fact" material to her claims. FED. R. CIV. P. 56(c)(1)(B).

---

[1] The Local Rules for the District of Puerto Rico prescribe a detailed procedure that litigants must observe in order to satisfy the requirements of Rule 56(c) of the Federal Rules of Civil Procedure. Under Local Rule 56, "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Under the Rule, "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation[.]" D.P.R. LOC. CIV. R. 56(c). Local Rule 56(c), also known as the "anti-ferret rule," is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo P.R. LLC*, 64 F.4th 22, 26 (1st Cir. 2023). Although "violations of this local rule are astoundingly common and constitute an unnecessary burden to the trial court's docket and time[,]" *id.* at 26, "compliance with Local Rule 56 is a mandate, not a suggestion." *Ramírez-Rivera v. DeJoy*, 693 F. Supp. 3d 210, 213 (D.P.R. 2023). Accordingly, where a fact set forth by the movant has not been properly controverted, it is deemed admitted. *See* D.P.R. LOC. CIV. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").

Specifically, Defendants argue that, because (1) the Court previously ruled inadmissible the expert witness testimony proffered by Plaintiff, (**ECF No. 72-1 at 4 ¶ 13**), and (2) Plaintiff does not have any other expert witness testimony to introduce at trial, (**ECF No. 72-1 at 4 ¶ 14**), "Plaintiff cannot establish negligence, deviations from the standards of care or causation on the part of the Defendants." (**ECF No. 72-1 at 4 ¶ 15**).

To survive the motion, Plaintiff was required to identify some admissible evidence to support its claim that Defendants deviated from the standard of care and, in doing so, caused Plaintiff's injuries. FED. R. CIV. P. 56(c)(1)(A)–(B) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular . . . materials in the record . . . [or by] showing that the materials cited do not establish the absence . . . of a genuine dispute"). Plaintiff's response falls short of that modest requirement. The entirety of Plaintiff's Rule 56(c) response reads as follows:

> Pursuant to Local Rule 56(c), Plaintiff submits a separate, concise statement of contested material facts, with specific citations to the record. Each purported undisputed fact by Defendants is admitted, denied, or qualified as follows:
>
> The court eliminated Plaintiff's expert witness. Nevertheless, this decision does not automatically terminate Plaintiff's right to go to trial.
>
> The Plaintiff after being operated by the defendant, loss her eyesight because the defendant did not give reasonable follow-up and care in her circumstances. Which deviates form the most minimal standard of care that is expected and evident to a layperson. Plaintiff was operated during the CIVID [sic] period and the defendant, allowed the Plaintiff to travel back to her home in Kissimmee Florida and fail to contact Plaintiff in order to follow up on her progress of lack of progress.

(**ECF No. 74 at 2**). Despite claiming that the statement contained "specific citations to the record," the Response did not once "cit[e] to particular . . . materials in the record[.]" FED. R. CIV. P. 56(c)(1)(A). As previously explained, where "a party fails to properly support an assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials –

including the facts considered undisputed – show that the movant is entitled to it[.]" FED. R. CIV. P. 56(e); D.P.R. LOC. CIV. R. 56(c) ("Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation[.]"). Accordingly, the Court adopts as admitted Defendants' claim that Plaintiff has presented no evidence to establish (1) the relevant standard of care, (2) a deviation from the standard of care, or (3) causation. *See* D.P.R. LOC. CIV. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").

### III. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61, 68 (1st Cir. 2021). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party[.]" *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015). "A fact is material if it has the potential of affecting the outcome of the case[.]" *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021) (internal quotations and citations omitted).

To obtain summary judgment, the moving party must show that "there is an absence of evidence to support" the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). This burden is met "when the moving party demonstrates that the opposing party has failed to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *E.E.O.C. v. Kohl's Dept. Stores, Inc.*, 774 F.3d 127, 131 (1st Cir. 2014) (internal quotations and citation omitted).

In opposing a motion for summary judgment, the plaintiff "bears the burden of producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). In addition, the Court will "not engage making credibility determinations or weighing the evidence at the summary judgment stage[.]" *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## IV. Analysis

Puerto Rico law provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 10801.[2] "Within this rubric, three elements coalesce to make up a prima facie case for medical malpractice . . . a plaintiff must establish [1] the duty owed, [2] the occurrence of an act or omission constituting a breach of that duty, and [3] a sufficient causal nexus between the breach and some resultant harm." *Martínez-Serrano v. Quality Health Servs. of P.R., Inc.*, 568 F.3d 278, 285 (1st Cir. 2009).

---

[2] "Article 1802 of the Puerto Rico Civil Code of 1930, Puerto Rico's previous tort statute, was replaced by Article 1536 when the new Puerto Rico Civil Code was enacted in November 2020. However, Articles 1802 and 1536 have provisions that are extremely similar and thus can be used interchangeably. Courts in this district accordingly apply caselaw analyzing Article 1802 to claims arising under Article 1536." *Forde v. Concho Corp.*, Civ. No. 23-01052, 2025 WL 320683, at *3 n.3 (D.P.R. Jan. 28, 2025) (quotations and citations omitted).

In medical malpractice cases, expert witness testimony is usually necessary to establish standard of care, breach, and causation. *See Rivera Rodríguez v. Quality Health Servs. of P.R.*, Civ. No. 18-1287, 2022 WL 3445348, at *3 (D.P.R. Aug. 4, 2022) (citing *Cortés Irizarry v. Corporación Insular de Seguros*, 111 F.3d 184, 190 (1st Cir. 1997)); *see also Martínez-Serrano v. Quality Health Servs. of P.R., Inc.*, 568 F.3d 278, 286 (1st Cir. 2009) (noting that expert testimony is ordinarily required to establish causation because in medical malpractice cases "the issues tend to be scientifically driven and more nuanced than in most tort cases") (citations and quotations omitted). Plaintiff does not have an expert witness. (**ECF No. 68**). While it remains at least conceivable that Plaintiff could sustain her claims with some other form of evidence, Plaintiff's claims suffer from a more fundamental defect: as explained above, Plaintiff presents no evidentiary support at all for her claims. (**ECF No. 74**). Since a claimant "bears the burden of producing specific facts sufficient to" defeat summary judgment, *González-Cabán*, 48 F.4th at 14, Plaintiff's claims must be dismissed. *Celotex Corp.*, 477 U.S. at 323 (holding that "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").[3]

---

[3] Plaintiff also argues that, to the extent the current record fails to establish a genuine dispute of material fact, she "is entitled to further obtain evidence warranting denial or deferral of summary judgment" because "discovery remains ongoing." (**ECF No. 74 at 1**). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Plaintiff is not entitled to relief under Rule 56(d), however, because it is not true that discovery is ongoing: discovery concluded in this case over a full year ago, in July 2024. (**ECF No. 26**). Plaintiff thus misrepresents the record when she claims that "discovery remains ongoing." (**ECF No. 74 at 1**). Furthermore, Plaintiff has not filed an "affidavit or declaration" providing "specified reasons" as to why facts essential to justify her opposition to summary judgment remain unavailable. The Court therefore denies Plaintiff's request to deny or defer consideration of the instant motion under Rule 56(d).

## V.      Conclusion

For the reasons set forth above, the Court finds that summary judgment is warranted. This case is hereby **DISMISSED WITH PREJUDICE**. Judgment shall follow accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December, 2025.

*s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**
